**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CAUSE NO.:  2:05-MC-14-RL-PRC |
| NUMARK INTERNATIONAL, INC., | ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court sua sponte and on the National Labor Relations Board's Motion for Sanctions Against Respondent Numark International, Inc. Pursuant to Federal Rule Civil Procedure 37(b)(2)(A), (B), and (D) [DE 54], filed by the National Labor Relations Board ("NLRB") on December 4, 2006.  In the Motion, the NLRB requests that the Court enter an order designating certain facts as established for the purposes of this action; prohibiting Respondent Numark International, Inc. ("Numark") from introducing facts which contradict those deemed admitted; imposing sanctions in the form of costs and attorney's fees, calculated at prevailing market rates, incurred by the NLRB in pursuing discovery responses from Numark; and imposing prospective fines for Numark's continued failure to provide the NLRB with the last known addresses and telephone numbers of Diedra Laster and Pamela Johnson.

This matter began on August 1, 2005, with the NLRB seeking to register a foreign judgment entered by the United States Court of Appeals for the Seventh Circuit in the amount of $7,385.05, plus interest, against Numark Security, Inc. with this Court.  The Court subsequently issued writs of garnishment to three entities, directing them to withhold and retain property in which Numark had a substantial interest.  On November 2, 2005, Numark filed an emergency motion to quash the three writs of garnishment.  The Court scheduled a motion hearing for November 3, 2005, with regard to

the emergency motion. At the hearing, the Court ordered that the NLRB respond to the emergency motion before the Court issued a ruling. On November 21, 2005, the NLRB filed a response in opposition to the emergency motion. On December 6, Numark filed a reply.

Based on the emergency motion and subsequent filings by the parties, the Court determined that an evidentiary hearing would be necessary on the issue of whether Numark International, Inc. was and/or is an alter-ego of Numark Security, Inc. At a June 30, 2006 status conference, the Court set an October 16, 2006 discovery deadline, and a November 15, 2006, dispositive motions deadline on the alter-ego issue.

At an October 15, 2006 motion hearing, the Court ordered Numark to provide outstanding interrogatory responses to the NLRB on or before November 17, 2006, and the Court reset the discovery deadline for February 16, 2007. On December 4, 2006, the NLRB filed the instant Motion for Sanctions.

On January 3, 2007, Numark failed to appear at a motion hearing/status conference. On January 5, 2007, the Court ordered Numark to show cause as to why it should not be held in contempt of court for failing to appear at the motion hearing/status conference. Numark appeared at the January 17, 2007, show cause hearing by its President, Michael Johnson, and Attorney, Tony Zirkle. The Court ordered Michael Johnson to provide responses to all outstanding discovery responses to the NLRB on or before February 9, 2007.

On January 19, 2007, the Court issued an order finding there to be sufficient cause why Numark should not be sanctioned at that time. The Court ordered that the instant Motion for Sanctions remained under advisement. The Court further ordered Numark to respond fully, completely, and in good faith, on or before February 9, 2007, to the NLRB's interrogatories and

2

revised requests for production of documents. The Court notified Numark that failure to comply with the Court's order may result in sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2), and may result in summary ruling in favor of the NLRB with regard to a pending motion for leave to amend application for post-judgment writs of garnishment to clarify bases of liability and summary ruling on the pending Motion for Sanctions.

On February 13, 2007, the NLRB filed a status report and motion to stay proceedings, stating that it had received notice on February 12, 2007, that Numark filed a bankruptcy petition with the United States Bankruptcy Court for the Northern District of Indiana. On February 14, 2007, the Court entered an order granting the NLRB's motion to stay proceedings. The Court further ordered that the Court retained jurisdiction and would restore this case to the trial docket upon motion of a party if circumstances changed so that the matter may proceed to final disposition.

On June 13, 2007, the NLRB filed a motion to reopen proceedings, stating that on June 8, 2007, the United States Bankruptcy Court for the Northern District of Indiana entered an order closing the Numark bankruptcy matter without a discharge in bankruptcy being granted. On July 10, 2007, the Court granted the motion to reopen proceedings. The Court ordered Numark to respond to outstanding written discovery requests issued by the NLRB on or before August 9, 2007. The Court notified Numark that failure to comply with the Court's order may result in sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2). The Court ordered the NLRB to file a notice of compliance or non-compliance on or before August 16, 2007, advising the Court whether Numark complied with the order.

On August 16, 2007, the NLRB filed a status report, informing the Court that Numark had not responded to the outstanding discovery requests issued by the NLRB.

Federal Rule of Civil Procedure 37(b) provides, "[i]f a party or an officer, director, or managing agent of a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b). Sanctions that may be imposed pursuant to Rule 37(b) include "[a]n order that the matter regarding which the order was made or any other designated facts shall be taken as established for the purposes of the action . . . , [a]n order refusing to allow the disobedient party to support or oppose designated claims, . . . [and] [a]n order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination." *Id.*

Generally, sanctions may only be imposed in cases when a party acts wilfully, in bad faith, or with fault in failing to comply with a discovery order. *See Philips Med. Systems Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992); *Williams v. Thompson*, No. 94 C 5669, 1996 WL 124446, *2 (Mar. 19, 1996 N.D. Ill). An award of sanctions pursuant to Rule 37(b) must be proportionate to the circumstances surrounding the failure to comply with discovery. *See Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

The Court finds that Numark has repeatedly failed to obey the Court's orders to respond to the NLRB's outstanding written discovery requests. Numark received notice of the Court's discovery orders through electronic notice provided to its attorney, Tony Zirkle, and also in-person, at a January 17, 2007, show cause hearing and motion hearing before the Court when Numark appeared through its President, Michael Johnson. The Court's January 19, 2007, and July 10, 2007, written orders advised Numark that if it failed to respond to the NLRB's outstanding written discovery requests, it faced potential sanctions pursuant to Rule 37(b)(2).

4

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the National Labor Relations Board's Motion for Sanctions Against Respondent Numark International, Inc. Pursuant to Federal Rule Civil Procedure 37(b)(2)(A), (B), and (D) [DE 54].

The Court **GRANTS** the Motion to the extent that it requests that the following designated facts shall be taken to be established for purposes of this case: (1) Numark Security and Numark International share and/or have shared common managers, supervisors, clerical employees and security guard employees; (2) Numark Security and Numark International share and/or have shared common customers; (3) On or about July 1, 2004, Numark International took over and completed Numark Security's existing jobs, with no consideration given for these projects by Numark International to Numark Security; (4) On or about July 1, 2004 and thereafter, Numark International's employees continued working on the same jobsites that they had been working on while employed by Numark Security; and (5) On or about July 1, 2004 and thereafter, Numark International's supervisors, previously employed by Numark Security, continued supervising Numark International's security guards on the same projects they had been supervising prior to July 1, 2004.  Numark **SHALL NOT** be allowed to oppose the above listed facts and is **PROHIBITED** from introducing facts contrary to the above listed facts into evidence.

The Court **GRANTS** the Motion to the extent that it requests that Numark reimburse the NLRB for the time and expense it incurred attempting to obtain discovery information in this matter and **ORDERS** Numark to reimburse the NLRB for all reasonable fees expended attempting to further discovery in this matter.  The Court **ORDERS** the NLRB to provide an affidavit itemizing in detail the fees that it is requesting on or before **October 23, 2007**.

The Court **GRANTS** the Motion to the extent that it requests that the Court order Numark to provide the NLRB with the last known addresses and telephone numbers of Diedra Laster and Pamela Johnson **but with relief different than that requested**.  The Court **ORDERS** Numark's President, Michael Johnson, and Numark's counsel of record, Tony Zirkle, to appear in-person at a status conference on **September 6, 2007, at 10:00 a.m.** (C.S.T.), before Magistrate Judge Paul R. Cherry and **ORDERS** Michael Johnson to bring with him the addresses and telephone numbers of Diedra Laster and Pamela Johnson.

The Court **DENIES** the Motion to the extent that it requests that the Court enter an order imposing a prospective non-compliance fine of $500 should Numark fail to provide the requested names and addresses within five days of a Court order and a per diem fine of $100 for each day after five days following the Court's order that Numark fails to provide this information to the NLRB.

Acting sua sponte, the Court **VACATES** the current dispositive motions deadline of November 15, 2006.  The Court **ORDERS** that the dispositive motions deadline is now **November 22, 2007**.

SO ORDERED this 27th day of August, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record